## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATUMONA KINZONZI,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, NA,<br><br>Defendant. | ECF/CM Case<br><br>**Case No. 22-CV-2145**<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION AND THE PARTIES

1.      This is an action to redress unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, the New York State Human Rights Law ("State Human Rights Law") N.Y. Exec. L. §290, and the New York City Human Rights Law ("City Human Rights Law") N.Y.C. Admin. Code §8 -101 *et seq.*

2.      Plaintiff Matumona Kinzonzi ("Kinzonzi" or "Plaintiff") is a former employee of JP Morgan Chase, the defendant in this action.

3.      Defendant JP Morgan Chase  ("JP Morgan Chase" or "Defendant") is domestic corporation licensed to do business in the State of New York.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over Kinzonzi's claims pursuant to 28

1

U.S.C. §§ 1331, 1343 and 1367(a).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued within New York County.

7.    Kinzonzi has satisfied all necessary pre-suit administrative requirements in order to file suit in federal court.

## FACTUAL ALLEGATIONS

8.    Kinzonzi, Black man from the Democratic Republic of the Congo, was employed in Chase's Market Data Trading Floor Support from August 5, 2005, until May 6, 2021.

9.    In August 2013, after receiving a performance evaluation rating of "exceeding" for two consecutive years, Kinzonzi was recommended for a promotion by his supervisor Michael Tsang. However, for an unknown reason at the time, Kinzonzi's promotion was cancelled by Francesco Megna ("Megna")  the new supervisor who replace Michael Tsang. When Kinzonzi inquired as what it takes to be promoted, Megna's response to Kinzonzi was that he be prefect to be promoted.

10.    In 2014, Kinzonzi was recommended by human resources to participate in Chase's Associate Program. An employee's successful completion of the program would result in a promotion. After successfully completing the program, Kinzonzi's promotion was again blocked by Megna. Thereafter, Kinzonzi has endured years of

unflattering remarks about by his race and national origin from other employees, managers and specifically Megna.

11.    On June 23, 2020, in a team meeting chaired Megna, rather than discussing the work-related issues, he went on a tirade about the recent death of George Floyd and the ensuing nationwide protest about police interaction with Black people and protest about racial oppression in Minneapolis, Minnesota. *See* How George Floyd Was Killed in Police Custody, *New York Times*,  Published May 31, 2020, Updated Jan. 24, 2022, https://www.nytimes.com/2020/05/31/us/george-floyd-investigation.html (last accessed March 15, 2022)). Megna's views, that the police were justified in their actions and that the protester were lawless was challenged by another employee and the meeting became heated.

12.    A few days later and after careful thought, Kinzonzi filed a formal complaint against Mega because he  thought it was important to address such racist behavior and because he could not let Megna's racist thoughts infect his workplace.

13.    Soon thereafter, in July 2020, a Chase associate from Human Resources inquired from Kinzonzi as to further details regarding his complaint against Megna. mentioned above. The HR associate suggested that Kinzonzi speak with Megna and his supervisor, Carmine Sarno ("Sarno") about his behavior, however, he declined out of fear of retaliation. The HR associate assured Kinzonzi that Chase will resolve his complaint.

3

14.    The next significant event occurred on or about February 8, 2021. There, Kinzonzi received a telephone text message *via* Chase's internal messaging system from Global Security. Global Security is Chase's bank fraud unit. Global Security informed Kinzonzi that because he had made multiple withdrawals from my personal account which included his 401K account, his accounts were being flagged as suspicious.

15.    In response, to the above statement in the preceding paragraphs, Kinzonzi assured t Global Security that he was withdrawing his money and that he did have the right to make such withdrawals for my own personal use. This  event was reported to his managers Megna and Sarno by Global Security.

16.    On or about March 8, 2021, Sarno and Megna commenced a remote-video call that Kinzonzi employment was immediately terminated because of an alleged breach of security with respect to his personal bank accounts with Chase. There, Chase assured Kinzonzi of money-laundering because of multiple cash withdrawals from his bank account at a Chase branch near his home. Kinzonzi, however, reminded Sarno that this was about making repairs to his home -a house that incurred water and mold damage- and such repairs were necessary and he would likely get a better deal by paying in cash.

17.    The conversation with Sarno ended with an agreement that as long as he could substantiate his intent on withdrawing his own money out of his bank

account to repair his house all would be well. However, 10 minutes later Megna telephoned Kinzonzi said "It's not happening, we are letting you go."

18.    On Thursday, May 6, 2021, Kinzonzi termination was confirmed  with a telephone call from Shanta Marshall, a Chase employee, that his termination was effectively immediately with the request from his supervisor.

19.    On or about May 19, 2021, filed a complaint with the U.S. Equal Employment Opportunity Commission. There he alleged as stated in the preceding paragraphs and charge Chase  with unlawful workplace discrimination because of his race, national origin, and retaliation because he filed a complaint about racism in the workplace and the decision to terminate his employment was pretext for unlawful workplace discrimination.

## COUNT - I
### *Title VII: Termination of Employment Because of Race*

20.    Kinzonzi repeats and realleges every factual allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

21.    At all relevant times Chase acted with the deliberate purpose of denying Kinzonzi's right to work without fear of racial discrimination in his place of employment.

22.    As a result, Chase's unlawful conduct, Kinzonzi has suffered and

continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest, punitive damages, costs, and attorneys' fees. Kinzonzi is entitled to recover damages for such injuries from Chase under Title VII and its supporting laws.

## COUNT - II
### Title VII: Retaliation: Termination of Employment While Engaged In Protected Activity

23.    Kinzonzi repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

24.    At all relevant times Chase acted with the deliberate purpose of denying Kinzonzi the right to engage in the protected activity of complaining and addressing unlawful racial animus in the workplace.

25.    As a result of the Chase's unlawful conduct, Kinzonzi has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and lost bonuses, lost benefits, lost pension and retirement earnings, lost interest, punitive damages, costs, and attorneys' fees as authorized under Title VII and its supporting laws.

## COUNT - III
### State Human Rights Law: Termination of Employment Because of Race

26.    Kinzonzi incorporates herein by reference and realleges every

6

allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

27.    Chase's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination in employment based on his race and as outlawed under the State Human Rights Law.

28.    As a direct and proximate result of Chase's unlawful discriminatory conduct in violation of the State Human Rights Law, Kinzonzi has suffered, and continues to suffer, monetary loses and emotional injury for which he is entitled to an award of monetary damages and other relief.

29.    As a result, Chase's unlawful conduct, Kinzonzi has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest, punitive damages, costs, and attorneys' fees for he is entitled to recover from Chase under the State Human Rights Law.

### **COUNT - IV**
### ***State Human Rights Law: Retaliation: Termination of Employment While Engaged In Protected Activity***

30.  Kinzonzi repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

31.  Chase's conduct, as alleged herein, constituted unlawful discriminatory practices in employment based on his race and as outlawed under the State Human

7

Rights Law.

32. As a result, Chase's unlawful conduct, Kinzonzi has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest, punitive damages, costs, and attorneys' fees for he is entitled to recover from Chase under the State Human Rights Law.

## COUNT - VII
### City Human Rights Law: Termination of Employment Because of Race and Disparate Treatment

33. Kinzonzi incorporates herein by reference and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

34. Chase's conduct, as alleged herein, constituted unlawful discriminatory practices in employment based on his race and as outlawed under the City Human Rights Law.

35. As a direct and proximate result of the Defendant Chase's unlawful discriminatory conduct in violation of Title VII, Kinzonzi has suffered, and continues to suffer, monetary loses and emotional injury for which he is entitled to an award of monetary damages and other relief.

36. As a result, Chase's unlawful conduct, Kinzonzi has suffered and continues to suffer injury, with resulting monetary and other damages, including

8

without limitation lost wages, lost back-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest, punitive damages, costs, and attorneys' fees for he is entitled to recover from Chase under the City Human Rights Law.

**COUNT - VIII**
***City Human Rights Law: Retaliation:***
***Termination of Employment While Engaged In Protected Activity***

37.     Kinzonzi repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

38.     Chase's conduct, as alleged herein, constituted unlawful discriminatory practices in employment and unlawful discrimination based on his race and as outlawed under the City Human Rights Law.

39.     As a direct and proximate result of the Defendant Chase's unlawful discriminatory conduct in violation of the City Human Rights Law, Kinzonzi has suffered, and continues to suffer, monetary loses and emotional injury for which he is entitled to an award of monetary damages and other relief.

40.     As a result, Chase's unlawful conduct, Kinzonzi has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest, punitive damages, costs, and attorneys' fees for he is entitled to recover from Chase under the City human Rights Law.

9

## PRAYER FOR RELIEF COMMON TO ALL COUNTS

WHEREFORE, Kinzonzi demands judgment as follows and for the Court to grant further relief as may be necessary and proper as follows:

(a) enter a judgment declaring the acts and/or practices of Chase to be in violation of the above-described laws against unlawful discrimination in the workplace;

(b) award Kinzonzi as against Chase, loss wages, including without limitation back-pay, bonuses, pension, and other retirement benefits as a result of Chase's acts of unlawful workplace discrimination;

(c) award Kinzonzi as against Chase, consequential damages for losses resulting from Chase's unlawful acts of workplace discrimination;

(d) award Kinzonzi as against Chase, compensatory damages for among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the above-described laws against workplace discrimination;

(e) award Kinzonzi as against Chase, punitive damages; and

(f) award Kinzonzi as against Chase, the cost of this action together with attorneys' fees in accordance with the above-described laws against workplace

discrimination.

## JURY DEMAND

Kinzonzi demands a jury trial for all issues triable by jury.

March 15, 2022                                  Respectfully submitted,
New York, New York

                                                LAW OFFICE OF
                                                LOCKSLEY O. WADE, LLC
                                                11 Broadway, Suite 615
                                                New York, NY 10004
                                                (212) 933-9180
                                                (212) 933-9181 Fax


                                                By: /s/ *Locksley O. Wade*
                                                Locksley O. Wade, Esq.
                                                *Attorney for Plaintiff*

11